UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BRIAN ANTHONY PEEPLES,

      Petitioner,

v.                                       Case No. 2:17-CV-83

CONNIE HORTON,                       HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Brian Anthony Peeples, objects to Magistrate Judge Maarten Vermaat's April 3, 2019, Report and Recommendation (R & R) recommending that the Court deny Petitioner's habeas petition and deny Petitioner a certificate of appealability. Petitioner raised four claims:

(1)    his trial counsel was ineffective for failing to move for a *Walker* (suppression) hearing in order to litigate whether Petitioner's incriminating statements to the police at the time of his arrest were made in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966);

(2)    he was denied his right to a fair trial by the admission of text messages sent from, and received by, a cell phone number that Petitioner allegedly used, where the text messages were not admissible under any exception to the hearsay rule;

(3)    he was denied his right to a fair trial because the text messages were not sufficiently linked to Petitioner as required by MRE 901; and

(4)    the evidence, absent Petitioner's statements to the police at the time of his arrest and the text messages, was insufficient to sustain his conviction.

Regarding issue 1, the magistrate judge concluded that the state-court's application of the "public safety" exception set forth in *New York v. Quarles*, 467 U.S. 649, 104 S. Ct. 2626 (1984), to Petitioner's statement that he had already disposed of the gun, and the state-court's determination

that Petitioner's statements to the crowd did not violate *Miranda* because Petitioner volunteered them without prompting by the police, were neither contrary to, nor an unreasonable application of, clearly established law of the United States Supreme Court. (ECF No. 24 at PageID.954–56.) In light of that conclusion, the magistrate judge found that the Michigan Court of Appeals correctly rejected Petitioners's ineffective assistance claim because counsel cannot be ineffective for failing to file meritless motions. (*Id.* at PageID.960–61.) As for issues 2 and 3, the magistrate judge observed that Petitioner failed to cite any federal authority undermining the state-court's determination that the phone records and texts were admissible, or supporting the proposition that such evidence was constitutionally inadmissible. (*Id.* at PageID.958–59.) Finally, as to issue 4, the magistrate judge concluded that the Michigan Court of Appeals' determination that the prosecution presented sufficient evidence to convict Petitioner—with or without the text messages and Petitioner's incriminating statements—was not an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979). (*Id.* at PageID.963.)

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

### *Inculpatory Statements*

Petitioner argues that the magistrate judge erred in concluding that the state court properly concluded that the "public safety" exception and the voluntariness of Petitioner's statements rendered Petitioner's statements properly admissible. As to the "public safety" exception, Petitioner argues that the exception is inapplicable because no witness testified that the officers felt they were

in danger after they apprehended Petitioner. But the public safety exception is not so narrow. As the Sixth Circuit has observed, the exception "requires an officer to have reason to believe (1) that the defendant might have (or recently have had) a weapon, and (2) that someone other than police might gain access to that weapon and inflict harm with it." *Hart v. Steward*, 623 F. App'x 739, 746 (6th Cir. 2015) (internal quotation marks omitted). Thus, the exception applies if officers *or members of the public* might be in danger if someone gains access to the weapon. Here, Petitioner does not argue that the officers lacked a reason to believe that Petitioner either possessed or had disposed of a weapon. In fact, Detective York testified that he told Petitioner that several kids lived around the area and that he did not want one of them to find a gun if Petitioner had tossed one. (ECF No. 19-5 at PageID.471.) Thus, as the magistrate judge concluded, Detective York's question to Petitioner "fit[] squarely within the exception." (ECF No. 24 at PageID.955.) As for Petitioner's assertion that his additional, voluntary statements were subject to *Miranda* because he was in custody when he made them, Petitioner fails to cite any case to support his argument. Moreover, the law is clear that "where a defendant [in custody] makes a voluntary statement without being questioned or pressured by an interrogator, the statements are admissible despite the absence of *Miranda* warnings." *United States v. Murphy*, 107 F.3d 1199, 1204 (6th Cir. 1997) (citing *United States v. Montano*, 613 F.2d 147, 149 (6th Cir. 1980)). The evidence was that Petitioner volunteered his additional statements, not to the police, but to the people in the crowd. (*Id.* at PageID.471–72.) Petitioner's arguments thus lack merit.

For the foregoing reasons, the magistrate judge also properly recommended that the Michigan Court of Appeals' determination that Petitioner's trial counsel was not ineffective for

failing to file a meritless motion to suppress was not contrary to, nor an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).[1]

### *Sufficiency of the Evidence*

Petitioner asserts that the magistrate judge erred in recommending that the Court conclude that Petitioner is not entitled to relief on his sufficiency of the evidence claim. Petitioner again argues that, absent the evidence of Petitioner's statements at the time of his arrest and the text messages Petitioner sent to the mother of his child, the evidence was insufficient to convict Petitioner. The Michigan Court of Appeals analyzed the evidence with and without Petitioner's statements and the text messages and concluded that, in either case, the evidence was sufficient to convict Petitioner.

Petitioner fails to show that the magistrate judge erred in recommending that Petitioner be denied relief on this ground. As the magistrate judge observed, there was sufficient evidence to allow the jury to infer that Petitioner was the shooter. Thus, the Michigan Court of Appeals did not unreasonably apply the *Jackson* standard.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered

---

[1] Petitioner also references his mental condition at the time he made the statements. As the magistrate judge observed, however, Petitioner's mental state would have had no bearing on the "public safety" exception or Petitioner's volunteered statements.

under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 3, 2019 (ECF No. 24) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (ECF No. 28) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: August 9, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE